UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SENSORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> REV.COM, INC. <br><br> Defendant. | Case No. 1:25-cv-382 <br><br> JURY TRIAL DEMANDED |

### COMPLAINT FOR TRADEMARK INFRINGEMENT

Sensory, Inc. ("Sensory") brings this action against Rev.com, Inc. ("Rev.com") for trademark infringement and unfair competition under the Lanham Act § 1125 and for common law trademark infringement under the laws of the State of Texas.

### THE PARTIES

1. Plaintiff Sensory Inc. ("Sensory") is a Silicon Valley based independent technology company and innovator in the development of wakewords and other voice recognition technology, including custom voice assistants, voice control, and sound ID technologies and other technologies.

2. Sensory is a California corporation with its principal place of business located at 3150 De La Cruz Boulevard, Suite 120, Santa Clara, California 94103.

3. Defendant Rev.com, Inc. ("Rev") is a Texas corporation with an address at 1717 W. 6th St #310, Austin, Texas 78703. Upon information and belief, Rev can be served through its registered agent Corporation Service Company d/b/a/ CSC-Lawyers Inc., 211 East 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

5. This Court has original and supplemental jurisdiction over this action.

6. This Court has subject matter jurisdiction of this action under Article III of the United States Constitution and 28 U.S.C. §1332(a)(1) because federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over plaintiff's claims under the laws of the State of Texas set forth below.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because: (1) Rev.com does business in Texas, including through its office in Austin, Texas; (2) substantial part of the property that is the subject of the action is accessible from, and functions in, his district; and (3) a substantial part of the events or omissions giving rise to the claims occurred in this district.

## SENSORY'S USE OF VOICEHUB

9. Sensory has used the VoiceHub mark in interstate commerce since at least as early as November 1, 2020.

10. The Wayback Machine from November 1, 2020 confirms Sensory's use of VoiceHub from at least November 1, 2020:

https://web.archive.org/web/20201101064858/https://www.sensory.com/voicehub/

## REV.COM'S USE OF VOICEHUB

11. Rev.com has used a moniker in commerce, VoiceHub, that is audibly and textually identical to Plaintiff's VoiceHub mark, in connection with the sale and advertising of goods or services.

12. Rev.com first used an identical moniker, VoiceHub, no earlier than September 10, 2024, at least four years later than Sensory's use.

13. The Wayback Machine from September 10, 2024 illustrates Rev.com's use of VoiceHub:

https://web.archive.org/web/20240910065005/https://www.rev.com/services/voicehub

14. Rev.com is promoting its VoiceHub products and services on the internet, where Sensory also promotes its products and services.

15. Rev.com's use of VoiceHub (as well as any stylized variant thereof) is confusingly similar to Sensory's VoiceHub.

16. Rev.com's website states that the service Rev.com has rebranded as VoiceHub has more than 1 million users. See https://www.rev.com/lp/subscription-plans?&gclid=CjwKCAiAn9a9BhBtEiwAbKg6fsu62I84NlqJzvtv_znZPohGNXIZYPX2us56xIx0eiP_ZlwTLaoMohoCEAQQAvD_BwE&utm_source=google&utm_medium=cpc&utm_campaign=18511241510&utm_adgroup=170543090634&utm_term=voicehub&utm_content=713753739982&gad_source=1 ("Trusted by 1M+ Users and 125K+ Organizations").

17. Rev.com's website provides its pricing for VoiceHub at https://www.rev.com/lp/subscription-plans/transcription?&gclid=Cj0KCQjwhMq-BhCFARIsAGvo0KfNnUkKYc9Vn0eowJ2L3GIM7O4fjOuEMdCYJV-

vwF9Z1kW45GcDeaUaApTTEALw_wcB&utm_source=google&utm_medium=cpc&utm_campaign=22017110835&utm_adgroup=&utm_term=&utm_content=&gad_source=1

18. A Forbes article "Driving Non-Linear Revenue And Profit Growth At Rev.com" explained that "Rev.com (Rev), [is] a fast-growing company that provides consumers and enterprises a portfolio of speech to text services." https://www.forbes.com/sites/stephendiorio/2021/07/07/driving-non-linear-revenue-and-profit-growth-at-revcom/.

19. As of 2021, Rev.com was a ten year old business had grown to over one hundred million in annual recurring revenues (ARR) and has been profitable for the last several quarters.

20. According to https://growjo.com/company/Rev.com, Rev.com's estimated annual revenue is currently $872.9M per year.

## REV.COM'S AWARENESS OF THE PROBLEM

21. On December 3, 2024 Sensory, Inc. contacted Rev.com by letter. Sensory's letter explained:

> It has come to our attention today that Rev.com is using the name VoiceHub in a manner that infringes upon our common law trademark rights. Since 2000, Sensory Inc. has been operating a voice AI platform under the name VoiceHub in all geographies worldwide, and we have established significant goodwill and brand recognition in this name. As you may be aware, under common law trademark principles, we have developed rights in our name through its continuous and extensive use in commerce. We are concerned that the use of VoiceHub by your company is likely to cause confusion among customers and dilute the distinctiveness of our brand. To prevent any further consumer confusion and to protect our brand, we kindly request that you cease all use of the name VoiceHub immediately

22. On January 6, 2025, Rev.com responded through counsel at Goodwin Proctor, stating, in relevant part:

> I am writing in response to your letter of December 3, 2024, alleging that Rev.com's use of the mark VOICEHUB infringes Sensory, Inc.'s ("Sensory") trademark rights.

23. Rev.com's January 6, 2025 response letter also took the position:

After reviewing your letter and upon consideration of all the relevant facts, however, we disagree that Rev.com's use of the mark VOICEHUB for its speech-to-text transcription software infringes any trademark rights Sensory may have.

24. Rev.com's January 6, 2025 response letter also took the position:

Your letter asserts that consumers are likely to be confused by the coexistence of Rev.com's VOICEHUB product and Sensory's use of this term. We strongly January 6, 2025 disagree. …. we must conclude there is no likelihood of consumer confusion between Rev.com's use of the mark VOICEHUB and Sensory's use of that term for its technical offerings.

25. Sensory responded by letter on January 8, 2025.

26. Rev.com declined to tell Sensory what internet search terms Rev.com (and/or its agents) have paid for, and are paying for, including for example in Google Adwords and Sponsored Links.

27. Rev.com declined to tell Sensory when Rev.com first became aware of Sensory's use of the VoiceHub mark and the circumstances under which Rev.com became aware of it.

28. Rev.com has declined to provide any information about the revenue and profit generated from the VoiceHub services.

29. Rev.com has declined to provide any information about the amount Rev.com has invested and continues to invest in the VoiceHub brand.

30. Rev.com has declined to provide any information about its representations to investors and others about its use of VoiceHub.

31. Rev.com never entered any agreement with Sensory.

32. Instead Rev.com indicated that it plans to continue to use VoiceHub but has declined to make any payment for its infringing use.

## CONFUSION BETWEEN SENSORY'S USE OF VOICEHUB AND REV.COM'S USE OF VOICEHUB

33. Consumers that rely on Sensory's VoiceHub mark are likely to confuse Sensory's products and services with Rev.com's similar, and overlapping products and services.

34. For example, both Sensory and Rev.com's technology services provide many of the same functions, including audio capture, recording speech, recognizing speech, recognizing voice, turning speech to text, pulling certain keywords from recorded speech, and using AI assistants to identify certain words in recorded speech.

35. There is substantial overlap in the technologies and they will likely continue to converge, including as Rev.com grows.

36. Rev.com describes its VoiceHub services as including "voice recording," allowing for "perfect capture" and as providing features that "keep every word clear and accessible" including:



37. Currently, a Google internet search for "VoiceHub" returns Rev.com first ("sponsored") and Rev.com again as the second result, with results for Sensory's VoiceHub only after two results from Rev.com:



38. As another example, a Google internet search for "voicehub speech analysis" returns four search results pointing to Rev.com before any results are returned pointing to Sensory, as follows:



39.     As another example, a Google internet search for "voicehhub speech to text" returns Rev.com first and Sensory second, with at least four results that point to Rev.com and one result for Sensory as follows:



40.     Similarly, an internet search for "voicehub speech recognition" returns Rev.com's sponsored link first before results for Sensory.

41.     An internet search for "VoiceHub capture audio" returns the following:



42.    A Google internet search for "VoiceHub demo" returns Rev.com first with two videos and Sensory third, with additional results that are confusing:



43.    Internet searches for "voicehub speech demo" and "voicehub voice demo" also return confused and confusing results.

44.    An internet search for "voicehub speech to text demo" returns:



45.     The generation of speech commands is a feature that Sensory's VoiceHub offers, but Rev.com may not offer.

46.     Despite that, when "VoiceHub speech commands" is searched, Rev.com still comes up first, through the videos, and also appears twice in the search results:



47. An internet search for "VoiceHub voice trigger" also returns results for both companies.

48. Rev.com's sites are even returned when searching on the internet for "VoiceHub hotwords."

49. The results of these example internet searches confirm that Rev.com's use of VoiceHub is likely to continue to cause confusion or mistake as to the origin of the goods, services, and commercial activities.

50. Rev.com (and/or its agents) have paid, and are paying, for search advertising and/or paid search performance advertising and/or search engine optimization and/or "sponsored links" such that when certain search terms are entered (e.g. VoiceHub), search engines return Rev.com sites as a search result.

51. On information and belief, Rev.com has paid and is paying to re-direct web traffic

searching for "VoiceHub" to Rev.com's website, including

https://www.rev.com/services/voicehub.

52. Rev.com's paid search performance advertising appears to be further exacerbating confusion.

**COUNT I: UNFAIR COMPETITION- 15 U.S.C. § 1125(a)(1)(A)**

53. Plaintiff incorporates by reference Paragraphs 1-52 above as if fully set forth herein.

54. Rev.com's use of "VoiceHub" in commerce is a false and misleading designation of origin because it suggests that "VoiceHub" is associated with Rev.com.

55. Rev.com's use of "VoiceHub" is likely to cause confusion, including reverse confusion, as to the affiliation, connection or association of defendant with plaintiff, and as to the origin, sponsorship, or approval of defendant's goods, services or commercial activities by plaintiff and constitutes unfair competition and false designations of origin and false descriptions or representations.

56. Consumers are likely to be confused and deceived as to whether Rev.com's services are in some way connected with, licensed, authorized, certified by, or affiliated with Plaintiff Sensory.

57. Rev.com's infringing "VoiceHub" moniker is spelled identically to Plaintiff's "VoiceHub" mark.

58. Rev.com's infringing "VoiceHub" moniker is pronounced and sounds exactly the same as Plaintiff's VoiceHub mark.

59. Likelihood of confusion is enhanced by the fact that both Sensory and Rev.com's technology services provide many of the same functions, including capturing audio, recording

speech, recognizing speech, recognizing voice, turning speech to text, pulling certain keywords from recorded speech, and using AI assistants to identify certain words in recorded speech.

60. There is substantial overlap in Sensory and Rev.com's technology services.

61. Rev.com's use of "VoiceHub" has actually caused confusion, mistake, and deception as to plaintiff's and defendant's services.

62. Rev.com's actions have injured and damaged, and will continue to injure and damage, plaintiff and the goodwill and reputation symbolized by Sensory's VoiceHub mark.

63. Rev.com has had actual notice of Plaintiff's VoiceHub mark and of Rev.com's infringement of the mark since at least December 4, 2024, and likely much earlier.

64. The confusion that Rev.com has created, as well as the damage to Sensory's brand, not only occurred but has continued in the three months that have passed since Sensory contacted Rev.com about its trademark infringement.

65. Rev.com has made profits from infringing Sensory's VoiceHub trademark.

66. Rev.com has refused to honor the VoiceHub mark.

67. Rev.com acts were knowing, deliberate, and willful.

68. Rev.com's intentional and willful infringement is exceptional.

69. Rev.com must disgorge the profits it has made from using Sensory's VoiceHub trademark.

70. Monetary relief is not sufficient to fully address the irreparable injury that Rev.com's unlawful use of the "VoiceHub" moniker have caused and will continue to cause Plaintiff, absent an injunction. Accordingly, Plaintiff is entitled to permanent injunctive relief.

71. Plaintiff is entitled to injunctive relief; an accounting for profits; damages, including the possibility of treble damages, entitling plaintiff to an award of treble damages,

disgorgement of Rev.com's profits, and attorneys' fees and costs in bringing and maintaining this action.

## COUNT II: TEXAS COMMON LAW UNFAIR COMPETITION

72. Plaintiff incorporates the allegations in Paragraphs 1-71 above as if set forth fully herein.

73. Rev.com's illegal naming of its VoiceHub product constitutes unfair competition and false designation of origin, as described herein.

74. Rev.com's conduct is deceptive or fraudulent and is likely to cause consumer confusion.

75. Rev.com's conduct is in willful disregard of Plaintiff's valuable rights and property in the VoiceHub marks.

76. Rev.com's actions have caused and will continue to cause irreparable injury and damage to Plaintiff unless Rev.com is enjoined from using the VoiceHub name.

## COUNT III: INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

77. Plaintiff incorporates the allegations in Paragraphs 1-76 above as if set forth fully herein.

78. Defendant Rev.com has infringed upon Plaintiff's common law rights to its trademark and trade name.

79. Plaintiff is the senior user of the VoiceHub marks.

80. A likelihood of confusion exists between Plaintiff's VoiceHub mark and defendant's VoiceHub moniker.

81. Defendant's infringement of Plaintiff's common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

82. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## INJUNCTIVE RELIEF

Plaintiff seeks permanent injunctive relief pursuant to applicable common law, 15 U.S.C. § 1116, and Texas Business & Commerce Code § 16.103(c).

Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by defendant because Plaintiff s business will be irreparably damaged, and such damage is difficult to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of each defendant complained of above are enjoined because defendant's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sensory, Inc. requests that this Court enter judgment in its favor and against Rev.com, Inc. as follows:

A. enter judgment against defendant on all claims;

B. award damages against defendant and in favor of Plaintiff;

C. enter a permanent injunction restraining defendant, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing moniker in connection with its business;

D.    grant to Plaintiff such other relief as the Court deems just and proper.

March 14, 2025                        Respectfully submitted,

By: /s/ *Alison Aubry Richards*

Alison Aubry Richards
(IL Bar # 6285669, *also admitted in WD Texas*)
David P. Berten
Global IP Law Group, LLC
55 W. Monroe St., Ste. 3400
Chicago, Illinois 60603
Phone: 312.241.1500
arichards@giplg.com
dberten@giplg.com

*Attorneys for Plaintiff, Sensory, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025 the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Alison Aubry Richards*
**Attorney for Plaintiff**
